UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD JOHNSON,

                Plaintiff,

                                CIVIL CASE NO. 07-14393

v.

KMART,                               HONORABLE STEPHEN J. MURPHY, III

                Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR RECONSIDERATION OR IN THE ALTERNATIVE CLARIFICATION
OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT (docket no. 43)**

This case involves a claim for employment discrimination and retaliation by an employee against his former employer for termination in violation of Section 2615 of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* On January 7, 2009, the Court issued an order denying defendant's motion for summary judgment (the "January 7, 2009 Order") (docket entry 42). Before the Court is the defendants' motion for reconsideration, or in the alternative for clarification, of the January 7, 2009 Order denying defendant's motion for summary judgment. Having reviewed the motion for reconsideration and clarification, the response of the plaintiff and the relevant portions of the record, the Court grants in part and denies in part defendants' motion for reconsideration. Specifically, the Court reaffirms that part of the order denying summary judgment, but clarifies its previous order to state that the order merely determined that there were genuine issues of material fact for trial, and did not determine that plaintiff was entitled to judgment as a matter of law on his claim under the FMLA.

**ANALYSIS**

Local Rule 7.1(g)(3) provides that the Court will not grant motions for reconsideration that "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." ED Mich. LCivR. 7.1(g)(3). The moving party must demonstrate a palpable defect by which the Court and the parties have been misled and also show that correcting the defect will result in a different disposition of the case. To the extent that the instant motion for reconsideration seeks to have the Court reconsider its order denying summary judgment to the defendant, it does merely present the same issues ruled upon by the Court, and therefore reconsideration is not appropriate. Nonetheless, the Court will further explain its previous order below.

I.  Did this Court mis-represent or mis-apply the law in determining that Plaintiff's son's condition was a "serious health condition" under the FMLA?

Defendant maintains that in determining whether a FMLA plaintiff has established a "serious health condition", an objective test should be applied and that a possibility that a condition is worse than it initially appears is irrelevant. Defendant points specifically to one case decided by a district court in this Circuit to support the argument, *Bauer v. Dayton-Walther Corp.*, 910 F. Supp. 306 (E.D. Ky. 1996), *aff'd*, 118 F.3d 1109 (6th Cir. 1997). In *Bauer*, the plaintiff argued that he was protected by FMLA because he needed to seek an emergency evaluation of his rectal bleed. The District Court determined that the plaintiff could not establish a "serious health condition" solely on the belief that the medical condition might be worse than it actually is. Instead "the condition must be taken for what it was during the relevant time period." *Id.* at 311. Defendant also points to other jurisdictions which reject any forward-looking speculation as the severity of a health

condition. See *Roberts v. Human Development Assn.*, 4 F. Supp. 2d 154 (E.D.N.Y. 1998). Defendant maintains, therefore, that plaintiff's subjective belief as to the severity of his son's eye injury is irrelevant. Taking the child's injury for "what it was" at the time, it is not transformed into a serious health condition for purposes of FMLA simply by virtue of plaintiff's *subjective* concern, particularly when *objectively* the injury was minor.

Defendant further argues that the *Thorson* and *Woodman* cases cited by the Court do not even address or analyze a "serious health condition" under 29 CFR 825.114(a)(2)(v), but instead deal specifically with the term "treatment" as defined by FMLA.  Defendant argues that these cases are consistent with its contention that plaintiff must establish a "serious health condition" in order to proceed with a FMLA claim.

Plaintiff contends, however, that the FMLA applies even if the final diagnosis dispels the existence of a serious health condition. *Woodman v. Miesel Sysco Food Service Co.*, 254 Mich. App. 159, 183 (2002).  In *Woodman*, although tests ultimately revealed that the plaintiff did not have a serious heart condition, his absence nonetheless qualified for protection under FMLA because, after an emergency room visit, a health care provider made "a professional assessment of plaintiff's conditions" and determined that an absence from work was necessary.  *Id.* at 188.  So, too, in *Thorson v. Gemini*, 205 F.3d 370 (8th Cir. 2000), the Court found that the objective test for "serious health condition" had been satisfied.  In that case, the plaintiff's doctor believed she had a serious condition but was later able to rule out that diagnosis.  Like the plaintiffs in *Woodman* and *Thorson*, Johnson's son here was also formally diagnosed as having a ruptured globe, a serious injury which, according to deposition testimony, could result in loss of vision. The doctors at St. Joseph

Hospital ordered the plaintiff to immediately take his son to Beaumont Hospital where he could be examined and treated by a specialist.

The FMLA protects any period of absence to receive multiple treatments for a condition that, if left untreated, would likely result in an incapacity of more than three consecutive calendar days. 29 CFR 825.114(a)(2)(v).[1]  For the purposes of the FMLA, "treatment" is defined to include "examinations to determine if a serious health condition exists." 29 CFR 825.114(b).  From this definition, it is clear that the plaintiff has met its burden of showing the existence of a genuine issue of material fact that his son had a "serious health condition" for purposes of protection under the FMLA.

Defendant relies heavily on the Eastern District of Kentucky's reasoning in *Bauer*. But the case is distinguishable.  The plaintiff in Bauer never had an initial diagnosis that would lead him to believe his rectal bleed was severe. His belief, therefore, was completely speculative. Here, however, at the time of the emergency, plaintiff had been told by a doctor that his son had a ruptured globe and needed special treatment to prevent blindness.  As plaintiff aptly points out, the *objective* medical diagnosis and instructions left no room for Plaintiff to speculate about the severity of his son's condition.

Furthermore, the ruling in by the trial court in *Bauer* is not binding on this Court, and the Sixth Circuit never affirmatively adopted the language of the lower court (language that the defendant relies heavily upon in its argument) in affirming its decision.  Additionally, the Sixth Circuit noted in several footnotes that the case was decided using the 1993 version

---

[1] The Department of Labor revised the relevant FMLA regulations on November 17, 2008, with an effective date of January 16, 2009.  See 73 FR 67934-01.  Because the actions under consideration occurred before the revisions, this Court's order cites to the version in effect in 2007.

4

of 29 CFR 825, in which the definition of "treatment" as it relates to "serious health condition" does not even appear. *Bauer*, 118 F.3d at 1111-1112, FN 1 and 4.  *Bauer*, therefore, does not address the basis upon which this Court concluded that Plaintiff had established a "serious health condition" under FMLA.

The defendant has not established a palpable defect in the Court's January 7, 2009, Order, and the defendant's motion for reconsideration merely raises the same issues the Court already ruled upon in that order.  The Court therefore will not grant reconsideration of its denial of defendant's motion for summary judgment.

II.     Is the record devoid of evidence from which the Court
        could have concluded that a ruptured globe would "likely
        <u>result in a period of incapacity" of more than three days?</u>

In its earlier opinion, the Court ruled that a ruptured globe is a "serious health condition which would lead to a period of incapacity of more than three consecutive calendar days in the absence of medical treatment." Defendant contends that this ruling was erroneous because there is nothing in the record to establish the Court's conclusion. Defendant indicates that "plaintiff offered no evidence whatsoever as to the nature, severity, duration, symptomology, or resultant incapacity for a ruptured globe." Indeed, the physician assistant, Ms. Sudbury, who examined plaintiff's son, testified that she could not definitively state what could have happed to the child had the laceration been untreated.

In his response, Plaintiff points to a number of items in the record which establish that a ruptured globe is, indeed, a severe injury that can result in incapacity for more than three days. In her deposition, for instance, Ms. Sudbury indicated that, if left untreated, the child's injury could lead to possible loss of vision.

Summary judgment is only appropriate if the *moving party* demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992). In moving for summary judgment, it was KMart's burden, therefore, to show that Johnson would be unable to establish that a ruptured globe would likely result in at least three days of incapacity. Defendant, however, provided no proof that a ruptured globe wasn't a serious condition that would likely result in incapacitation. Instead, defendant tries to shift the burden to the plaintiff, the non-moving party, to establish this point. Absent any evidence that a ruptured globe would *not* result in "a period of incapacity of more than three consecutive calendar days", and in light of the evidence that it, indeed, would so result (both documentary and self-evident) the Court need not reconsider its denial of defendant's motion for summary judgment.

III.  Should the Court clarify its order denying
      Defendant's Motion for Summary Judgment?

The January 7, 2009, Order stated that "the plaintiff Johnson has satisfied the requirements of 29 C.F.R. 825.114(a)(2)(v) and that the leave that Johnson sought on February 17, 2008 was protected by FMLA." Defendant contends that this ruling suggests that the plaintiff, without filing a cross-motion for summary judgment, has prevailed on his FMLA claims as a matter of law. Defendant argues that this not only goes beyond the mere determination of an existence of genuine issues of material facts but would effectively deprive defendant of its opportunity to litigate this issue before a jury. Defendant, therefore, seeks clarification that the Court did not finally determine that defendant is liable to the

6

plaintiff under FMLA. Plaintiff responds to this argument only by stating "Defendants' motion for reconsideration or, in the alternative, for clarification, should be denied."

The Court determines that it would be helpful to clarify its January 7, 2009 Order. In its ruling denying defendant's motion for summary judgment, the Court found only that there were genuine issues of material fact for a jury, and did not determine, as a matter of law, that the plaintiff would prevail in this case.

### ORDER

Wherefore it is hereby **ORDERED** that defendant's motion for reconsideration or, in the alternative, clarification, of the Court's order of January 7, 2009 is hereby **GRANTED IN PART AND DENIED IN PART**. The Court's order denying summary judgment to Defendant is **AFFIRMED**, but the January 7, 2009 order is **CLARIFIED** to state that the order is limited to a denial of defendant's motion and does not adjudicate the ultimate question of defendant's liability to the plaintiff under the FMLA.

**SO ORDERED**

                s/Stephen J. Murphy, III
                STEPHEN J. MURPHY, III
                United States District Judge

Dated: September 15, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2009, by electronic and/or ordinary mail.

                s/Alissa Greer
                Case Manager